**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| COURTNEY LEE HICKS, | § | |
| (TDCJ-CID #02224565) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-19-1657 |
| | § | |
| RANDY ROLL, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Courtney Lee Hicks, a Texas Department of Criminal Justice inmate, sued in May 2019, alleging civil rights violations resulting from a denial of due process. Hicks has neither paid the $350.00 filing fee nor sought leave to proceed as a pauper. From his recent litigation history in state court, the Court presumes that he seeks leave to proceed in forma pauperis. Hicks, proceeding pro se, sues Randy Roll, judge of the 179th Judicial District Court of Harris County, Texas; Dionne S. Press, court-appointed trial counsel; Allen C. Isbell, court-appointed appellate counsel; Eric Kugler, assistant district attorney for Harris County; and Catherine Johnson, assistant district attorney for Harris County.

The threshold issue is whether Hicks's claims should be dismissed as frivolous. The Court concludes that Hicks's claims lack merit and should be dismissed for the reasons stated below.

**I.      Hicks's Allegations**

Hicks asserts that Judge Roll revoked Hicks's probation in April 2017, even though he knew about Hicks's psychiatric condition. Hicks asserts that Dionne Press represented Hicks at the

revocation hearing and forged Hicks's signature on the plea agreement. Hicks asserts that Isbell rendered ineffective assistance on appeal by filing an *Anders* brief. Hicks asserts that Kugler falsely said that Hicks was ineligible for probation. He asserts that Catherine Johnson moved to revoke Hicks's probation.

Online research reveals that Hicks was charged with aggravated assault with a deadly weapon in Cause Number 152006001010. On April 21, 2017, the court placed Hicks on deferred adjudication probation for six years and ordered Hicks to undergo treatment at the Substance Abuse Felony Punishment Facility ("SAFPF") - Peden. On July 14, 2017, the court granted the State's motion to adjudicate guilt. On July 19, 2017, the State moved to dismiss the criminal action following the amendment of the conditions of probation. Hicks was ordered to undergo treatment at SAFPF. The court granted this motion. On February 1, 2018, the court granted the State's motion to adjudicate guilt because Hicks had violated the terms of his deferred adjudication and had been discharged from the SAFPF. On March 14, 2018, the court granted the State's motion to dismiss the criminal action following the reinstatement of SAFPF. On July 31, 2018, the court granted the State's motion to adjudicate guilt because Hicks had been unsuccessfully discharged from the SAFPF on July 25, 2018. On September 27, 2018, the court granted the State's motion to adjudicate guilt and sentenced Hicks to a prison term of eleven years. Liberally construed, Hicks asks this Court to reverse his conviction and sentence.

## II.     Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See*

2

*Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).

Hicks proceeds pro se in this case. Courts construe pleadings filed by pro se litigants under a less stringent standard of review. *Haines v. Kerner,* 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed pro se is 'to be liberally construed,' Estelle [*v. Gamble,* 429 U.S. 97, 106 (1976) ], and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

## III.    The Claim Challenging the Conviction and Sentence

Hicks challenges the validity of his conviction and prison sentence. Under *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the Court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

In this instance, the crux of Hicks's complaint is that he was improperly charged and

convicted of aggravated assault with a deadly weapon. The complaint challenges the revocation of his deferred adjudication based on trial court error, prosecutorial misconduct, and ineffective assistance of his trial and appellate counsel. A ruling granting Hicks the relief which he seeks would necessarily implicate the validity of his conviction in Cause No. 152006001010, and inevitably affect the duration of his confinement.

Under *Heck,* Hicks must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Hicks cannot make such showing. He has not alleged that his conviction in Cause Number 152006001010 has been reversed, invalidated or otherwise expunged. Until Hicks receives a ruling declaring his sentence invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck,* he is barred from any recovery. . . ."). Hicks's claims challenging his conviction for aggravated assault with a deadly weapon are "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). Hicks's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

Alternatively, the Court finds that Hicks's claims lack merit.

## IV.	Claims Against Judges

Judges are afforded absolute immunity when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 357-60 (1978). A judge's jurisdiction is construed broadly; a judge is not deprived of immunity because the action he took was erroneous, malicious, or exceeded his authority. *Id.* at 357. The nature of the function performed governs the immunity analysis. *Forrest v. White*, 484 U.S. 219, 227-229 (1988)(denying judge absolute immunity when performing administrative rather than judicial duties).

Hicks challenges the acts and omissions of Judge Roll, who presided over Hicks's criminal trial. Reviewing and granting motions filed by the parties are normal judicial functions. The controversy centers around Judge Roll's rulings in Hicks's criminal trial that were properly in Judge Roll's court. Hicks's claims against Judge Roll arose out of Judge Roll's handling of the criminal case.

The challenged acts of Judge Roll were judicial acts. Hicks does not allege, nor does the record support, a clear absence of jurisdiction on the part of this judicial officer. Hicks's claims against Judge Roll lack merit because Hicks is seeking relief from a party who is immune from suit.

## V.	The Claim Based on Prosecutorial Misconduct

Hicks seeks damages against assistant district attorneys for their conduct in the prosecution of the criminal case and subsequent appeal. Absolute immunity precludes his claim. Prosecutors have absolute immunity from such damages claims. *Beck v. Tex. State Bd. of Dental Exam'rs,* 204 F.3d 629, 637 (5th Cir. 2000)(citing *Burns v. Reed,* 500 U.S. 478, 491 (1991)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial process. *Id.* Prosecutorial immunity extends to activities "intimately associated

with the judicial phase of the criminal process." *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The actions Hicks complains of are related to the judicial process and were undertaken in furtherance of the attorneys' advocacy function in their representation of the government. Defendants Kugler and Johnson are entitled to absolute immunity from Hicks's suit, and the damages claims against them are dismissed.

## VI. The Claim Based on Ineffective Assistance of Counsel

Hicks complains that his court-appointed counsel at trial and on appeal rendered ineffective assistance. A cause of action under 42 U.S.C. § 1983 requires a showing that Hicks has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The Due Process Clause is not generally held to require the State to protect the life, liberty, and property of its citizens against invasion by private actors. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995)(citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)).

The conduct of private actors, such as Dionne S. Press and Allen C. Isbell, does not constitute state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Hicks's claims against Press and Isbell for ineffective assistance are not cognizable in a section 1983 action because his attorneys are not state actors. *Brooks v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996)(citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 324-25 (1981)); *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995)(holding that actions of counsel substitute in prison disciplinary hearing, like actions of public defender and private attorney, are not actions under color of state law for purposes of Section 1983); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988)("private attorneys,

even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Hicks has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. Hicks's civil rights claims against Dionne S. Press and Allen C. Isbell are DISMISSED as frivolous.

## VII.   Conclusion

The action filed by Courtney Lee Hicks (TDCJ-CID Inmate #02224565) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are DENIED as moot.

The TDCJ-CID shall continue to deduct twenty percent of each deposit made to Hicks's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

To the extent Hicks seeks habeas relief based on the trial court error, prosecutorial misconduct, and ineffective assistance of counsel, the Court notes that a writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Hicks may challenge the ineffective assistance of counsel in a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting available state court remedies. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of

7

limitations for federal habeas corpus petitions. Suits brought under 42 U.S.C. § 1983 are the proper vehicle to attack conditions of confinement and prison procedures. *See Carson*, 112 F.3d at 820; *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). If a petition combines habeas claims with section 1983 claims, and the claims can be separately treated, federal courts should do so. *Serio v. Members of La. St. Bd. of Pardons,* 821 F.2d 1112, 1119 (5th Cir. 1987).

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2)     the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on _____ **JUN 1 1 2019** _____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE